## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ROBERT GARFIELD ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,**

                                    **Plaintiff**

                    v.

**WILLIAM P. HANKOWSKY, THOMAS C. DELOACH, JR., KATHERINE DIETZE, ANTONIO FERNANDEZ, DANIEL P. GARTON, ROBERT G. GIFFORD, DAVID L. LINGERFELT, MARGUERITE NADER, LAWRENCE D. RAIMAN, FREDRIC J. TOMCZYK, LIBERTY PROPERTY TRUST AND PROLOGIS, INC.,**

                        **Defendants.**

**CIVIL ACTION NO.** 1:20-CV-27

Judge Jones

FILED
HARRISBURG, PA

JAN 0 7 2020

PER _____
        DEPUTY CLERK

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a), (b) and 1446, Defendant Liberty Property Trust ("Liberty"), by and through its undersigned attorneys, hereby removes the above-captioned putative class action (the "Action") from the Court of Common Pleas of Dauphin County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania.  This

action is removable under 28 U.S.C. § 1441(a) and (b) because the amount in controversy exceeds $75,000, complete diversity of citizenship exists between the plaintiff and defendants, and no citizen of the Commonwealth of Pennsylvania has been "properly joined and served as [a] defendant" in the Action.

As grounds for removal, Liberty states as follows:

1.     On January 7, 2020, Plaintiff Robert Garfield filed this action in the Court of Common Pleas of Dauphin County, Pennsylvania, where said action is now pending under the above-captioned title. Pursuant to 28 U.S.C. § 1446, a copy of the Complaint filed in the Action is attached as Exhibit A.

2.     Liberty received a copy of the Complaint via the Dauphin County Court's electronic docketing system on January 7, 2020. This notice of removal is filed within thirty (30) days of Liberty's receipt of the Complaint. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

3.     The Action purports to assert claims under Maryland law for breach of fiduciary duty, aiding and abetting same, and "failure to disclose" in connection with Liberty's proposed merger with Defendant Prologis, Inc. ("Prologis"), which was announced on October 27, 2019. Plaintiff claims that defendants made false, incomplete or misleading statements in the Proxy Statement filed pursuant to federal law with the Securities and Exchange Commission on November 26, 2019 in order to persuade Liberty's shareholders to vote in favor of the merger.

4.      By Plaintiff's allegations, he is a citizen of the State of Florida.  *See* Compl. ¶ 8 (alleging Plaintiff "moved to Florida several years ago").

5.      Defendant Liberty is a Maryland Real Estate Investment Trust with its principal place of business in the Commonwealth of Pennsylvania.  It is therefore a citizen of Maryland and Pennsylvania.  *See* 28 U.S.C. § 1332(c).

6.      Defendant William P. Hankowsky is a citizen of Pennsylvania.

7.      Defendant Thomas C. Deloach, Jr. is a citizen of North Carolina.

8.      Defendant Katherine Dietze is a citizen of New York.

9.      Defendant Antonio Fernandez is a citizen of Connecticut.

10.     Defendant Daniel P. Garton is a citizen of Texas.

11.     Defendant Robert G. Gifford is a citizen of Massachusetts.

12.     Defendant David L. Lingerfelt is a citizen of Virginia.

13.     Defendant Marguerite Nader is a citizen of Illinois.

14.     Defendant Lawrence D. Raiman is a citizen of New York.

15.     Defendant Fredric J. Tomczyk is a citizen of Toronto, Ontario, Canada.

16.     Defendant Prologis is a Maryland Real Estate Investment Trust with its principal place of business in the State of California.  It is therefore a citizen of Maryland and California.  *See* 28 U.S.C. § 1332(c).

17.     Complete diversity therefore exists as to Plaintiff, on the one hand, and Defendants on the other hand.

18.    The amount in controversy in this Action exceeds the sum or value of $75,000, exclusive of interest and costs.  The Action seeks to enjoin the proposed merger of Liberty, a real estate investment trust with a market capitalization of $9.46 billion (as of January 1, 2020), into Prologis.

19.    This case is properly removable pursuant to 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a) on the grounds that complete diversity of citizenship exists between the parties to the Action and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

20.    On information and belief, no defendant has been properly served in this Action.  Accordingly, no defendant that is a citizen of the Commonwealth of Pennsylvania has been served in this Action and therefore none has been "properly joined and served as defendants."  28 U.S.C. § 1441(b)(2); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018) ("By its text . . . Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.").

21.    Accordingly, the Action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

22.    Because the other defendants have not been served in this Action, they do not need to consent to removal. *Williams v. Braden Drilling, LLC*, No. 3:11-CV-2342, 2011 WL 6888807, at *1 n.1 (M.D. Pa. Dec. 30, 2011) ("[I]t is well established that a defendant that has not been served at the time the removing defendants file their notice of removal is not required to join in the notion of removal or otherwise consent to removal" (quotation marks and citation omitted)); *see also Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) (exception to rule that all defendants must join in or consent to removal arises when defendant has not been served at the time the removing defendants file their petition for removal); *Finsterbusch v. Pennsylvania Dep't of Health*, No. CV 3:17-1024, 2017 WL 4573768, at *1 (M.D. Pa. Oct. 13, 2017) (same).

23.    Pursuant to 28 U.S.C. § 1446(d), Liberty will file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Dauphin County, Pennsylvania and will give written notice of the filing of this Notice of Removal to Plaintiff.

24.    Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

25.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

26.    By filing this Notice of Removal, Liberty does not waive any defense available to it, including the right to file a motion to dismiss the claims in the Action under Rule 12 of the Federal Rules of Civil Procedure.

27.    Liberty reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Liberty respectfully provides notice of the removal of this action from the Court of Common Pleas of Dauphin County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania.

DATED:  January 7, 2020            Respectfully submitted,

*Laura McNally*

_____

**MORGAN, LEWIS & BOCKIUS LLP**
Laura H. McNally (PA Bar No. 310658)
Marc J. Sonnenfeld (Pa Bar No. 17210)
Amanda F. Lashner (PA Bar No. 314443)
1701 Market Street
Philadelphia, PA  19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
Laura.mcnally@morganlewis.com
Marc.sonnenfeld@morganlewis.com
Amanda.lashner@morganlewis.com

*Attorneys for Liberty Property Trust*